UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ERIC BODE,                          )
                                    )
          Petitioner,               )
                                    )
     v.                             )     Case No. 4:07CV01658 RWS/FRB
                                    )
MIKE KEMNA,[1]                      )
                                    )
          Respondent.[2]            )


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

          This cause is before the Court on the petition of

Missouri state prisoner Eric Bode ("petitioner") for a Writ Of

Habeas Corpus pursuant to 28 U.S.C. § 2254. All pretrial matters

were referred to the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

**I.   Procedural History**

          On July 30, 2002, petitioner was charged by information

with six counts:  assault of a law enforcement officer (Count I);

armed criminal action (Count II); attempted manufacture of a

controlled substance (Count III); unlawful use of a weapon (Count

---

[1]Named respondent Mike Kemna is no longer petitioner's custodian.  Larry
Denney is currently the superintendent of the Crossroads Correctional Center and
should be substituted as the proper party respondent.  28 U.S.C. § 2254, Rule
2(a).

[2]Because petitioner is challenging a sentence to be served in the future,
Missouri Attorney General Chris Koster should be added as a proper party
respondent. Rule 2(a), (b), Rules Governing Section 2254 Cases in the United
States District Courts.

IV); possession of drug paraphernalia (Count V); and resisting arrest (Count VI), stemming from his interaction with Missouri State Highway Patrol Trooper Rollie Skaggs on January 25, 2002. (Respondent's Exhibit ("Resp. Exh.") C at 1, 5-8). On November 13, 2002, petitioner filed a Notice of Intent to Waive Trial By Jury, (Id. at 9), and a bench trial was held in the Circuit Court of Linn County, Missouri. (Resp. Exh. I). Following trial, petitioner was found guilty of Counts I, II, V and VI, and was sentenced on January 13, 2003 to a term of 30 years on Count I; 15 years on Count II; and one year terms on Counts V and VI, all terms to run consecutively. (Resp. Exh. C at 15-18). Counts III and IV were dismissed. (Id.) At present, petitioner is incarcerated at the Crossroads Correctional Center in Cameron, Missouri.

Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, alleging that the trial court erred when it: (1) proceeded to a bench trial without ascertaining that petitioner's waiver of trial by jury was voluntarily and knowingly entered; (2) denied petitioner's motion for judgment of acquittal on the charges of assault of a law enforcement officer and armed criminal action because the evidence was insufficient; and (3) admitted, over petitioner's objection, state's "Exhibit K," the police laboratory report that reported the presence of controlled substances on some of the items seized from the car petitioner was driving at the time of the offenses. (Resp. Exh. A). The Missouri Court of Appeals denied petitioner's first two claims after

consideration of their merits, but found in petitioner's favor on his third claim. (Resp. Exh. D at 8); State v. Bode, 125 S.W.3d 924 (Mo.Ct.App. 2004). On that claim, the Missouri Court of Appeals reversed petitioner's conviction for possession of drug paraphernalia (Count V), and remanded the case for a new trial on that issue. (Resp. Exh. D at 8); State v. Bode, 125 S.W.3d at 929-30. The Court affirmed petitioner's convictions and sentences in all other respects. (Id.)

Subsequently, petitioner filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, raising a total of thirteen claims, six of which alleged ineffective assistance of trial counsel; two of which alleged ineffective assistance of appellate counsel, and five of which alleged due process violations. (Resp. Exh. G at 4-17; G-1).[3] Specifically, petitioner alleged that trial counsel was ineffective because he: (1) failed to challenge the allegation that petitioner had exceeded the speed limit; (2) "cajoled, coerced and mislead" petitioner into waiving his right to trial by jury; (3) failed to investigate and prepare a defense to the charges; (4) failed to inform the court that petitioner's motion for judgment of acquittal had not been ruled and that the court had failed to render a verdict; (5) failed to file a motion for new trial after requesting additional time to do so; and (6) had political aspirations that

---

[3]As respondent notes, several pages are missing from the copy of petitioner's pro se post-conviction motion that is included in Respondent's Exhibit G. These pages are provided in Respondent's Exhibit G-1.

created a conflict of interest. (Resp. Exh. G-1 at 1-3).

Petitioner also alleged that appellate counsel was ineffective for:

(1) failing to properly research, investigate and prepare the

appellate brief and raise issues related to petitioner's waiver of

his right to trial by jury; and (2) omitting certain trial errors

from the appellate brief. (Resp. Exh. G at 13-17). Finally,

petitioner alleged that his due process rights were violated when

the trial court: (1) found petitioner a prior and persistent

offender; (2) proceeded to trial prior to determining the

voluntariness of petitioner's waiver of his right to trial by jury;

(3) failed to rule on a defense motion to acquit; (4) failed to

pronounce its verdict with respect to specific counts of the multi-

count information; and (5) inquired of petitioner, during

sentencing, whether he was the person who had been convicted on

November 13, 2002. (Resp. Exh. G-1 at 6-8).

Counsel was subsequently appointed, and filed a Statement

In Lieu Of Amended Motion Under Rule 24.035, indicating that she

did not intend to file an amended Rule 29.15 Motion, writing that

"no potentially meritorious claims known to counsel, or facts in

support thereof" had been omitted from petitioner's pro se Motion.

(Resp. Exh. G at 18-19). Following an evidentiary hearing,

petitioner's Motion was denied. (Id. at 20-24).

Petitioner appealed the denial of his post-conviction

motion to the Missouri Court of Appeals, alleging that trial

counsel was ineffective for failing to file a motion for a new

trial "on any issues, including that the trial court erred in proceeding to trial without a jury without ascertaining that [petitioner's] waiver was voluntarily and knowingly entered, as required by [Missouri Supreme Court] Rule 27.01." (Resp. Exh. E at 13, 15). In its opinion filed on October 17, 2006, the Missouri Court of Appeals addressed the merits of petitioner's claim that trial counsel was ineffective for failing to file a claim on "any issues," and held that the claim failed to satisfy either prong of the test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). (Resp. Exh. H at 7-11); <u>Bode v. State</u>, 203 S.W.3d 262, 267-69 (Mo.Ct.App. 2006). However, the Court of Appeals denied as procedurally barred the portion of petitioner's claim that focused on the waiver issue, noting that petitioner had failed to raise the claim as to the specific issue of his waiver of jury trial in his post-conviction motion. (Resp. Exh. H at 11-13); <u>Bode</u>, 203 S.W.3d at 269-70.

In the instant Petition, filed on September 21, 2007, petitioner alleges four claims for relief, and specifically,

> (1) The trial court erred in proceeding to trial without ensuring that petitioner's waiver of his right to trial by jury was knowingly and voluntarily made;
>
> (2) The trial court erred in denying his motion for judgment of acquittal and entering judgment of guilt on the charges of assault of a law enforcement officer and armed criminal action;
>
> (3) Trial counsel was ineffective because he (a) failed to challenge the allegation that petitioner had exceeded the speed limit; (b)

"cajoled, coerced and mislead" petitioner into waiving his right to trial by jury; (c) failed to investigate and prepare a defense to the charges; (d) failed to inform the court that petitioner's motion for judgment of acquittal had not been ruled and that the court had failed to render a verdict; (e) failed to file a motion for new trial after requesting and receiving additional time to do so; and because (f) his political aspirations created a conflict of interest. Appellate counsel was ineffective for: (g) failing to properly research, investigate and prepare the appellate brief and raise issues related to petitioner's waiver of his right to trial by jury; and (h) "omitting trial errors" from petitioner's "direct appeal brief and argument." The trial court erred when it (i) erroneously found petitioner a prior and persistent offender; (j) proceeded to trial prior to determining the voluntariness of petitioner's waiver of his right to trial by jury; (k) failed to rule on his motion to acquit; (l) failed to pronounce its verdict with respect to specific counts of the multi-count information; and (m) inquired of petitioner, during sentencing, whether he was the person who had been convicted on November 13, 2002; and

(4) Trial counsel was ineffective for failing to file a motion for a new trial notwithstanding his request for additional time to do so: (a) generally, on any issues, and (b) on the issue of whether the trial court erred in proceeding to a bench trial without first ascertaining that petitioner's waiver of his right to trial by jury was voluntarily and knowingly entered.

(Docket No. 1 at 5-25).

## II. <u>Exhaustion Analysis</u>

Before this Court may grant relief on a petition for writ of habeas corpus, the habeas petitioner must have first exhausted his state law remedies. 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v.</u>

_Boerckel_, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a petitioner has fairly presented his claims first in state court, or if there are no currently available non-futile state remedies. _Smittie v. Lockhart_, 843 F.2d 295, 296 (8th Cir. 1988).

A review of the record shows that all of the claims petitioner attempts to raise herein are exhausted, inasmuch as he has either presented them to the Missouri courts, or he currently has no available non-futile state remedies. The undersigned further notes that respondent does not allege that any of petitioner's claims remain unexhausted.

### III.  **Procedural Bar Analysis**

It is well-established that a claim is barred from federal habeas review if the petitioner failed to fairly present the substance of the claim to the state courts at each step of the judicial process. _Jolly v. Gammon_, 28 F.3d 51, 53 (8th Cir. 1994); _Wemark v. Iowa_, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (citing _Anderson v. Groose_, 106 F.3d 242, 245 (8th Cir. 1997)). The "fair presentation" requirement is satisfied when the petitioner has properly raised in the state courts the same factual grounds and legal theories he attempts to raise in federal court. _Wemark_, 322 F.3d at 1021. This requirement ensures that the state courts have been alerted to "the federal nature of each claim," _Palmer v. Clarke_, 408 F.3d 423, 430 (8th Cir. 2005), and gives the states the opportunity to consider and adjudicate alleged violations of its

prisoners' federal rights.   Baldwin v. Reese, 541 U.S. 27, 29
(2004).

A claim is also barred from federal habeas review if "the
last state court rendering a judgment in the case 'clearly and
expressly' states that its judgment rests on a state procedural
bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell
v. Mississippi, 472 U.S. 320, 327 (1985)). "[O]nly a 'firmly
established and regularly followed state practice' may be
interposed by a State to prevent subsequent review by [a federal
court] of a federal constitutional claim." Ford v. Georgia, 498
U.S. 411, 423-24 (1991) (quoting James v. Kentucky, 466 U.S. 341,
348 (1984)).

Procedurally defaulted claims cannot be reached by the
federal habeas court unless the petitioner demonstrates adequate
cause to excuse his default, and prejudice resulting from the
alleged unconstitutional error; or demonstrates that a fundamental
miscarriage of justice would occur if the federal court failed to
consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991).
In order to satisfy the "cause" requirement, petitioner must show
that an "external" impediment, something which cannot be attributed
to him, prevented him from presenting his claim to the state court
in a procedurally proper manner. Id. at 753 (citing Murray v.
Carrier, 477 U.S. 478, 488 (1986)).

In the case at bar, respondent contends that petitioner's
claims in Grounds 1, 2, and 3(e)/4(a) are meritless, and that

petitioner's remaining claims in Ground 3 and his claim in Ground 4(b) are procedurally barred. The undersigned will first address whether petitioner's claims are properly before this Court.

**A.    Ground 1**

In Ground 1, petitioner alleges that the trial court erred when it proceeded to trial without first ascertaining that petitioner's waiver of his right to trial by jury was knowingly and voluntarily made. In raising this issue in the Missouri Court of Appeals, petitioner requested plain error review under Missouri Supreme Court Rule 30.20. (Resp. Exh. A at 15, n. 7).

In Missouri state court, review for plain error involves a two step process. The first step is to determine if plain error has occurred. This is done by determining whether the claim for review "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." Mo. R. Crim. Pro. 30.20; State v. Brown, 902 S.W.2d 278, 284 (Mo. banc 1995). All prejudicial error is not plain error. "Plain errors are those which are 'evident, obvious, and clear.'" State v. Scurlock, 998 S.W.2d 578, 586 (Mo. Ct. App. 1999) (quoting State v. Bailey, 839 S.W.2d 657, 661 (Mo. App. W.D. 1992)). If plain error is found, it is up to the discretion of the court whether to proceed to the second step, determining "whether the claimed error resulted in manifest injustice or miscarriage of justice." Id. at 587.

In the case at bar, after considering the merits of petitioner's point, the Missouri Court of Appeals wrote, "[f]rom the face of the record, we do not discern plain error." (Resp. Exh. D at 4); State v. Bode, 125 S.W.3d at 928.

Whether a state appellate court's plain error review of an otherwise procedurally defaulted claim is sufficient to raise the procedural bar is an area of uncertainty.[4] Hornbuckle v. Groose, 106 F.3d 253 (8th Cir. 1997). However, the Eighth Circuit has suggested that, in this situation, the federal habeas court undertake the same review as the state court in determining a petitioner's claim:

> We think we should do what the state court
> did: give the point plain error review. In
> this way, we are not encroaching at all on the
> authority of the state courts; we are fully
> respecting their procedural rule; and we are
> giving the argument the same degree of
> attention that the state courts gave it.
>
> Burns v. Gammon, 173 F.3d 1089, 1095 (8th Cir. 1999).

The undersigned further notes that respondent does not contend that petitioner's claim in Ground 1 is procedurally barred from review. The undersigned therefore concludes that petitioner's claim in Grounds 1 is properly before this Court, and should be reviewed for plain error, rather than treated as procedurally barred.

---

[4]Although respondent does not address this issue, this Court has the discretion to consider an issue of procedural default sua sponte. King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001).

**B.** **Ground 2**

In Ground 2, petitioner claims that the trial court erred in denying his motion for judgment of acquittal on the charges of assault of a law enforcement officer and armed criminal action. Petitioner argues that the evidence was insufficient to prove that he drove away with the intent of harming the trooper, in that there was no evidence showing that he was aware that the trooper could not get away; he had made no threats against the trooper; and the evidence showed that petitioner was trying to drive away from, rather than toward, the trooper.

Review of the record shows that petitioner fairly presented this claim to the Missouri state courts. In fact, petitioner's claim in Ground 2 is a verbatim reproduction of the claim he asserted as his second ground on direct appeal. In its opinion denying petitioner's claim, however, the Missouri Court of Appeals addressed petitioner's claim only as it related to the charge of assault of a law enforcement officer, and remained silent regarding the portion of petitioner's claim alleging that the trial court erroneously denied his motion for acquittal on the charge of armed criminal action. The fact that the state court misconstrued, or chose to ignore, that portion of petitioner's claim does not erect a procedural bar to habeas review. Middleton v. Roper, 455 F.3d 838, 855-56 (8th Cir. 2006) (where petitioner specifically raised an ineffective assistance claim in his motion, but the court misconstrued it, claim was not procedurally barred from review, and

should be treated "as though it were adequately presented to the state court for review, but ignored"); <u>Flieger v. Delo</u>, 16 F.3d 878, 885 (8th Cir. 1994) (claim was not procedurally barred from review when the petitioner presented the claim, but the Missouri Court of Appeals misconstrued it as relating to another issue.) Furthermore, it cannot be said that the state court adjudicated the armed criminal action portion of petitioner's claim in Ground 2 based upon a state procedural bar, inasmuch as the state court did not "clearly and expressly" say so. <u>Harris v. Reed</u>, 489 U.S. 255, 263 (1989) ("a procedural default does not bar consideration of a federal claim on . . . habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.") The undersigned also notes that respondent does not contend that this claim is procedurally barred. The undersigned therefore determines that the entirety of petitioner's claim in Ground 2 is properly before this Court.

  C.  **Ground 3**

      For his claim in Ground 3, petitioner attached a photocopy of his <u>pro se</u> post-conviction motion, which raised 13 grounds for relief. (Docket No. 1 at 17-24). Having reviewed the record, the undersigned determines that only Ground 3(e), petitioner's claim that counsel failed to file a motion for new trial after requesting and receiving additional time to do so, can be said to be preserved for federal review. Petitioner raised this

claim in his _pro se_ post-conviction motion and, on appeal from the denial of that motion, alleged that counsel was ineffective for failing to file a motion for new trial on, _inter alia_, "any issues." (Resp. Exhs. G, G-1, and E at 13, 15). The Missouri Court of Appeals reviewed the claim that counsel failed to file a motion for new trial "on any issues" on its merits, and determined that petitioner had failed to establish the deficient performance contemplated by _Strickland_, and that even if petitioner could so demonstrate, he would be unable to establish the requisite prejudice. (Resp. Exh. H at 9-11); _Bode v. State_, 203 S.W.3d at 268-69. Petitioner's claim in Ground 3(e) is therefore properly before this Court.[5]

Review of the record shows that none of the remaining 12 claims petitioner attempts to raise in Ground 3 were fairly presented to the Missouri state courts. While petitioner raised each of these claims in his post-conviction motion, he abandoned them when he failed to present them to the Missouri Court of Appeals on appeal from the denial of that motion. _Reese v. Delo_, 94 F.3d 1177, 1181 (8th Cir. 1996) (failure to raise claim in post-conviction appeal is considered abandonment of claim).

This Court is therefore precluded from deciding the merits of these claims absent a showing of cause and prejudice, or a demonstration that "failure to consider the claims will result in

---

[5]Petitioner's claim in Ground 3(e) raises the same issues as his claim in Ground 4(a).

a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750. In order to satisfy the "cause" requirement, petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claim to the state court in a procedurally proper manner. <u>Id.</u> at 753 (citing <u>Murray</u>, 477 U.S. at 488.

Petitioner offers no information regarding why he did not appeal these claims to the Missouri Court of Appeals on appeal from the denial of his post-conviction motion, and it therefore cannot be said that he has made any attempt to argue cause to excuse his procedural default.[6] Finally, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to a showing of cause and prejudice. <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995); <u>Washington v. Delo</u>, 51 F.3d 756, 761 (8th Cir. 1995).

For the foregoing reasons, with the exception of petitioner's claim in Ground 3(e), all of petitioner's claims in Ground 3 of his Petition should be dismissed without consideration of their merits.

D.   <u>Ground 4</u>

In Ground 4(a), petitioner claims that trial counsel was ineffective for failing to file a motion for new trial, despite requesting and receiving additional time to do so, on "any issues."

---

[6]Because there is no basis to consider whether there exists cause to excuse petitioner's procedural default, it is unnecessary to address whether the alleged errors prejudiced petitioner's defense. <u>See</u> <u>Maynard v. Lockhart</u>, 981 F.2d 981 (8th Cir. 1992).

-14-

This general claim that counsel failed to file a motion for new trial is also the substance of petitioner's claim in Ground 3(e). Review of the record shows that petitioner fairly presented this claim to the Missouri state courts, where it was adjudicated on its merits. Ground 4(a) is therefore properly before this Court.

In Ground 4(b), petitioner alleges that his trial attorney was ineffective for failing to file a motion for new trial on the issue of whether the trial court erred in proceeding to a bench trial without first ascertaining whether petitioner's waiver of his right to a jury trial was voluntarily and knowingly entered. Petitioner raised this claim on appeal from the denial of his post-conviction motion. However, the Missouri Court of Appeals declined to review the claim, finding it procedurally barred due to petitioner's failure to raise it in his post-conviction motion. In so holding, the court wrote:

> Nowhere in [petitioner's claim] or anywhere else in his Rule 29.15 motion does the appellant allege that his trial counsel was ineffective for failing to file a motion for new trial on the specific issue that his waiver of a jury trial was fatally defective for the trial court's failure to comply with Rule 27.01.
>
> Pursuant to Rule 29.15(d):
> The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.
>
> As such, the appellant's claim that the motion court erred in failing to determine that he received ineffective assistance of counsel for his trial counsel's

failure to file a motion for new trial on the basis that the trial court did not conduct, in accordance with Rule 27.01, an independent examination to ascertain whether the appellant's written waiver of a jury trial was made knowingly, intelligently, and voluntarily, cannot be asserted for the first time on appeal and, therefore, is waived. **Cook v. State, 193 S.W.3d 378, 383 (Mo. App. 2006)**. Hence, his appeal as to this claim is dismissed.

(Resp. Exh. H at 12-13); <u>Bode v. State</u>, 203 S.W.3d at 270.

A habeas petitioner's claim is barred from federal habeas review if the state court's resolution of the claim rested upon a state law procedural ground that is "independent" of federal law and "adequate" to support the prisoner's continued custody, <u>Coleman v. Thompson</u>, 501 U.S. 722, 722-23 (1991); <u>see also</u> <u>Barnett v. Roper</u>, 541 F.3d 804, 808 (8th Cir. 2008)(federal courts will not review a state court decision that rests on independent and adequate state procedural grounds). To be considered "adequate," the state procedural rule must be "firmly established and regularly followed." <u>James v. Kentucky</u>, 466 U.S. 341, 348-49 (1984).

In the case at bar, the Missouri Court of Appeals clearly and expressly stated that it was denying the claim petitioner attempts to assert in Ground 4(b) because petitioner had failed to raise it in his post-conviction motion. As the Missouri Court of Appeals noted, Missouri Supreme Court Rule 29.15(d) provides that motions to vacate must include all known claims for relief, and that claims that are not listed are waived. <u>Bode v. State</u>, 203 S.W.3d at 270 (citing Missouri Supreme Court Rule 29.15(d)). Petitioner does not argue, nor does independent research reveal,

that the procedural rule on which the Missouri Court of Appeals adjudicated petitioner's claim was not firmly established or regularly followed, and the undersigned therefore finds that the procedural rule on which the Missouri Court of Appeals relied was adequate to support petitioner's continued custody.  See Coleman, 501 U.S. at 722-23.  "It is not the office of a federal habeas court to determine that a state court made a mistake of state law." Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  The claim petitioner attempts to raise in Ground 4(b) of his petition is therefore procedurally barred from review.

This Court is therefore precluded from deciding the merits of petitioner's claim in Ground 4(b) absent a showing of cause and prejudice, or a demonstration that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  However, petitioner offers no information regarding why he did not raise, in his post-conviction motion, the claim he attempts to raise in Ground 4(b), and it therefore cannot be said that he has made any attempt to argue cause to excuse his procedural default.[7]  Finally, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to a showing of cause and prejudice.  Schlup, 513 U.S. at 314-15; Washington, 51

---

[7]Because there is no basis to consider whether there exists cause to excuse petitioner's procedural default, it is unnecessary to address whether the alleged errors prejudiced petitioner's defense.  See Maynard, 981 F.2d 981.

F.3d at 761.

    For the foregoing reasons, petitioner's claim in Ground
4(b) should be dismissed without consideration of its merits.


## IV.   Merits of Claims

    The Missouri Court of Appeals, in its decision on
petitioner's appeal from the denial of his post-conviction motion,
noted that the following facts were adduced at trial:

> The appellant's convictions arose out of the events of
> January 25, 2002. On January 25, 2002, the appellant was
> driving his parents' vehicle southbound on Missouri 11,
> approximately one mile north of the Linn/Chariton county
> line in Linn County. Trooper Rollie Skaggs of the
> Missouri State Highway Patrol determined, through the use
> of a radar gun, that the appellant was speeding, and he
> stopped the vehicle.
>
> Once the appellant's vehicle was stopped, Trooper Skaggs
> approached the driver's side window, explained to the
> appellant that he had stopped him for speeding, and asked
> him for his name and proof of insurance. The appellant
> told him that his name was Thomas Wilcoxson, but that he
> did not have any identification on him. Trooper Skaggs
> asked him if he had any proof that he was Thomas
> Wilcoxson. The appellant volunteered that he was 18
> years old and born on January 12, 1982. Trooper Skaggs
> realized that since it was January 25, 2002, anybody born
> on January 12, 1982, would have to be 20 years old, so he
> asked him again for his real name. The appellant refused
> to tell him, so Trooper Skaggs ordered him out of the
> vehicle.
>
> Trooper Skaggs informed the appellant that he was placing
> him under arrest for driving without a license. He
> attempted to handcuff the appellant, but the appellant
> jerked his hands away and fled on foot into a ditch.
> Trooper Skaggs pursued the appellant on foot. After
> running a few hundred feet, the appellant turned around
> and headed back toward his vehicle. Trooper Skaggs
> remained in pursuit. Once he reached his vehicle, the
> appellant got into the front seat. At that time, Trooper
> Skaggs was able to reach into the vehicle and grab the

appellant by his shirt, but the appellant's shirt ripped, and the trooper lost his grip on him. As Trooper Skaggs was trying to reach back into the vehicle to grab the appellant, the appellant slammed the vehicle door shut on Trooper Skaggs' right hand. The appellant tried to accelerate the vehicle; however, because it was on an asphalt shoulder, it could not accelerate quickly. Trooper Skaggs was able to run alongside the vehicle until he was able to reach in the driver's side window, grab the steering wheel with his left hand, and pull his upper torso into the window. Trooper Skaggs and the appellant fought over control of the steering wheel. Trooper Skaggs was finally able to gain control of the steering wheel and steer the vehicle into the ditch that ran alongside the road, at which time he was able to shift the vehicle into park, causing it to come to a stop.

After the appellant's vehicle was stopped, Trooper Skaggs was able to free his hand from the door and pull the appellant, who was trying to escape through the passenger's side door, out of the vehicle. With the help of three bystanders, who had just stopped to help, Trooper Skaggs restrained the appellant. Trooper Skaggs read him his Miranda rights, which the appellant stated he understood. The appellant finally admitted that his name was Eric Bode. Trooper Skaggs asked if there were any illegal items in the vehicle. The appellant admitted that there was a gun in the vehicle, but refused to say anything else until he was provided an attorney. The appellant was then transported to the Brookfield Police Station.

A search of the appellant's vehicle revealed a duffel bag on the rear passenger seat floorboard, which contained a loaded .22 caliber Ruger pistol. In the trunk of the vehicle, the police found numerous ingredients commonly used in the production of methamphetamine. These items were later tested by the Missouri State Highway Patrol's laboratory, and it was determined that they were covered with methamphetamine residue.

Bode v. State, 203 S.W.3d at 265-66.

State court factual findings are presumed to be correct. 28 U.S.C. § 2254(d). State court findings may not be set aside

unless they are unsupported by the record.  <u>Sumner v. Mata</u>, 449 U.S. 539, 547-49 (1981).  Petitioner bears the burden of establishing that the state court's factual determinations are erroneous.  <u>Williams v. Armontrout</u>, 912 F.2d 924, 930 (8th Cir. 1990) (en banc).  Petitioner herein makes no effort to rebut the foregoing facts with clear and convincing evidence.  Having reviewed the record, the undersigned finds that the state court's findings are supported thereby, and are adopted herein to the extent they relate to the claims petitioner raises in the instant Petition.  <u>See</u> <u>Id.</u> at 930-31.

### A.  <u>Ground 1 - Due Process</u>

In Ground 1, petitioner claims that the trial court "plainly erred" when it proceeded with a bench trial without ascertaining that petitioner's waiver was voluntarily and knowingly entered, arguing that there is no evidence in the record to determine "with unmistakable clarity" that appellant had knowingly, intelligently and voluntarily waived his right to trial by jury. (Docket No. 1 at 12).  Petitioner raised this claim on appeal to the Missouri Court of Appeals, which reviewed it for plain error and denied petitioner relief.  Respondent contends that this claim is meritless.  The undersigned agrees.

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas

corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. <u>Id.</u> at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law, or different than the Court's conclusion on a set of materially indistinguishable facts. <u>Williams</u>, 529 U.S. at 412-13; <u>Carter v. Kemna</u>, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. <u>Carter</u>, 255 F.3d at 592 (citing <u>Williams</u>, 529 U.S. at 407). To justify federal habeas relief, the state court's application of governing federal law must be shown to be not only erroneous, but objectively unreasonable. <u>Middleton v. McNeil</u>, 541 U.S. 433, 436, (2004) (per curiam) (quoting <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5, (2003) (per curiam)).

The United States Constitution guarantees criminal defendants the right to trial by jury. U.S. Const. Amend. VI. However, at the time petitioner's conviction became final, the law was well-established that a criminal defendant has the right to waive his constitutional right to a jury trial. <u>Adams v. United</u>

States ex rel. McCann, 317 U.S. 269, 275 (1943). Such waiver must be voluntarily, knowingly, and expressly made, Dranow v. U.S., 325 F.2d 481, 482 (8th Cir. 1963), and must be approved by government counsel and the court. United States v. Mahler, 141 F.3d 811, 814 (8th Cir. 1998); see also Luster v. State, 10 S.W.3d 205, 210 (Mo.Ct.App. 2000) (A criminal defendant may waive his right to trial by jury, but only with the assent of the trial court).

In denying petitioner's claim, the Missouri Court of Appeals wrote:

> From the face of the record, we do not discern plain error. " '[A] criminal defendant has a right to waive his constitutional right to a jury trial provided such waiver is voluntarily, knowingly and intelligently made.' " *State v. Sharp*, 533 S.W.2d 601, 605 (Mo. banc 1976) (citation omitted). Rule 27.01(b) governs waiver of a jury trial and requires, in felony cases, that the waiver be made in open court and entered of record and be made with the circuit court's assent. The waiver and the assent must "appear from the record with unmistakable clarity." *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985).

> On the day of trial, [petitioner's counsel] filed a waiver signed by him and Bode. A written jury waiver, signed by client and lawyer, filed with the court, is an effective waiver of a jury trial and complies with Rule 27.01(b). *State v. Butler*, 415 S.W.2d 784, 785 (Mo. 1967); *State v. Turnbough*, 604 S.W.2d 742, 746 (Mo. App. 1980). The circuit court acknowledged that the written waiver was in the court's file and tersely assented to it.

> From the face of the record, Bode expressed his waiver in a written pleading that he and his lawyer signed, and Hayes expressed the waiver in open court with the judge's assent. Bode's waiver and the judge's assent appear on the record with unmistakable clarity. Bode was present during the proceedings and raised no objections. *See*

*State v. Hatton*, 918 S.W.2d 790, 795 (Mo. banc 1996).[8]
We, therefore, decline review of Bodes claim under Rule
30.20.

(Resp. Exh. D at 4-5); <u>State v. Bode</u>, 125 S.W.3d at 928.

This Court is limited to plain error review because, due

to the lack of objection at trial, the Missouri Court of Appeals

conducted only plain error review. <u>Hornbuckle</u>, 106 F.3d at 257.

Plain error is error which is both obvious and substantial. <u>United</u>

<u>States v. Frady</u>, 456 U.S. 152, 163 (1982), (<u>citing</u> <u>United States v.</u>

<u>Gerald</u>, 624 F.2d 1291, 1299 (5th Cir. 1980)).

In this case, there is no obvious and substantial error.

As found by the Missouri Court of Appeals, petitioner filed a

written notice of his intent to waive jury trial. (Resp. Exh. C at

9-10). The waiver bears the signatures of both petitioner and his

attorney, and states that it was petitioner's intention to "waive

trial by jury as provided by Rule 27.01, Supreme Court Rules of

Criminal Procedure, and, with the assent of the Court, submit the

trial of this criminal case to the Judge alone." (<u>Id.</u> at 9). In

addition, before petitioner's trial commenced, petitioner's

attorney told the trial court that petitioner had waived his right

to jury trial via written waiver. (Resp. Exh. I at 15). Neither

petitioner nor counsel for the state objected, an indication of

assent, and the trial court expressly assented. (<u>Id.</u>) The record

contains sufficient evidence, in the form of petitioner's clearly

worded and signed waiver, and the discussion between counsel and

---

[8]The undersigned notes that <u>State v. Hatton</u> was overruled on other grounds.

the trial court, to find that petitioner voluntarily, knowingly, and expressly waived his Sixth Amendment right to trial by jury.

In the instant Petition, petitioner does not present this court with any evidence, or with any argument, that would suggest that his jury trial waiver was not voluntarily, knowingly, and expressly made. Furthermore, the record does not contain any evidence supporting such a conclusion. Based upon the foregoing, the undersigned determines that no obvious and substantial error appears. The claim raised in Ground 1 of the instant petition should therefore be denied.

B.     **Ground 2 - Sufficiency of the Evidence**

In Ground 2, petitioner claims that the trial court erred in denying his motion for judgment of acquittal on the charges of assault of a law enforcement officer and armed criminal action. In support, petitioner argues that the evidence was insufficient to prove that petitioner drove away with the intent of harming the trooper, in that there was no evidence showing that petitioner was aware that the trooper could not get away; he had made no threats against the trooper; and the evidence showed that petitioner was trying to drive away from, rather than toward, the trooper. Petitioner raised this claim on direct appeal to the Missouri Court of Appeals, which addressed the portion of petitioner's claim related to the charge of assault of a law enforcement officer, and denied petitioner relief. Respondent contends that this claim is meritless. The undersigned agrees, and, following de novo review,

-24-

further finds meritless the portion of petitioner's claim that relates to the charge of armed criminal action.

At the time Petitioner's conviction became final, the law was clearly established that, for due process purposes, the relevant inquiry in reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). See also In re Winship, 397 U.S. 358, 361-64 (1970). A state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson, 443 U.S. at 323.

The elements of the crime of assault of a law enforcement officer is defined by state law. In Missouri, one commits the crime of assault of a law enforcement officer in the first degree if he or she "attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Mo.Rev.Stat. § 565.081.1.

In reviewing petitioner's claim, the Missouri Court of Appeals wrote as follows:

> In his second point, Bode challenges the sufficiency of the state's evidence:
>
>> The trial court erred in denying [Bode's] motion for judgment of acquittal at the close of all the evidence and in entering judgment of guilt of assault of a law enforcement officer and armed criminal action, because the

evidence was insufficient to find that [Bode] drove off with the intent of harming the trooper, in that there was no evidence showing that [Bode] was aware that the trooper could not get away; he made no threats against the trooper; and the evidence showed that he was trying to drive away from, not toward, the trooper in continuance of flight; so that this actions were at most evidence of recklessness, so that his conviction violates the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, § 10 of the Missouri Constitution.

In considering Bode's point, we must consider as true the evidence most favorable to the state, together with the reasonable inferences to be drawn from it, and we must disregard evidence and inferences to the contrary. *State v. Wahby*, 775 S.W.2d 147, 154 (Mo. banc 1989). We do not re-weigh the evidence or determine witnesses' credibility. *State v. Carson*, 898 S.W.2d 555, 557 (Mo.App. 1995). We are obligated to reject the challenge if we conclude that the state presented enough evidence to permit a juror to find, beyond a reasonable doubt, that the defendant was guilty. *State v. Langdon*, 110 S.W.3d 807, 811 (Mo. banc 2003).


"A person commits the crime of assault of a law enforcement officer in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to a law enforcement officer." Section 565.081.1, RSMo 2000. A physical injury is serious if it "creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 565.002(6), RSMo 2000. Skaggs did not suffer a serious physical injury, but the state accused Bode of attempting to kill Skaggs or attempting to cause him serious physical injury.

"Assault in the first degree, without injury to the victim, requires proof of a very specific intent on the part of the actor to cause serious physical injury." *State v. Burton*, 863 S.W.2d 16, 17 (Mo.App. 1993). The state's burden was to establish through competent and substantial evidence that Bode intended to kill Skaggs or to cause him serious physical injury. Because defendants rarely make their intentions known directly, fact finders

must rely on circumstantial evidence to infer such
intentions. Id.

The circuit court had sufficient circumstantial evidence
to infer reasonably that Bode intended to cause Skaggs
serious physical injury. Bode knew from Skaggs' ripping
his shirt that Skaggs was trying to grab him as he jumped
into the car and, therefore, Skaggs was in danger of
being seriously injured when Bode slammed the car door
shut. Although he knew that Skaggs was very close to the
car, Bode slammed on the gas trying to drive the car away
at high speed, putting Skaggs in danger of being hit by
the car. Even if he did not know that Skaggs' hand was
trapped in the car door, Bode tried to speed away in the
car knowing that Skaggs was endeavoring to climb into the
car to apprehend him and was hanging partially out of the
car in danger of getting seriously hurt. Bode did not
stop the car to protect Skaggs from injury.

(Resp. Exh. D at 5-6); State v. Bode, 125 S.W.3d at 928-
929.

The state court's finding of sufficiency of the evidence

is entitled to deference by this Court. Jackson, 443 U.S. at 323.

Review of the decision reveals that it was well-based on law and

fact and was not "contrary to," nor did it involve an "unreasonable

application of," clearly established federal law. 28 U.S.C. §

2254(d)(1). Furthermore, petitioner has not demonstrated that the

state court's determination "resulted in a decision that was based

on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding." See 28 U.S.C.

§ 2254(d)(2). Following a review of the trial transcript, and the

evidence presented during trial, the undersigned finds that

sufficient evidence existed for a rational trier of fact to have

concluded that petitioner was guilty of the crime of assault of a

law enforcement officer. As the Missouri Court of Appeals found,

the evidence adduced at trial was sufficient to sustain the finding that petitioner knew that Skaggs had ripped his shirt, and was therefore trying to grab him as he (petitioner) jumped into the car, and that Trooper Skaggs was in danger of being seriously hurt when petitioner slammed the car door, inasmuch as his arms and/or hands would be in the immediate vicinity of the slamming door.  The evidence adduced at trial was also sufficient to sustain the finding that, although petitioner knew that Trooper Skaggs was very close to the car, he tried to drive away, thereby placing Trooper Skaggs in danger of being very seriously hurt.  The evidence adduced at trial also showed that petitioner did not voluntarily stop the car, but that the car stopped only after Trooper Skaggs won the struggle for control of the gear shift lever and shifted the transmission into park.

Petitioner's arguments that there was no evidence that he was unaware that Trooper Skaggs could not get away, and that the evidence showed that petitioner was trying to drive away from Trooper Skaggs, are not well-taken.  The evidence adduced at trial showed that petitioner slammed the car door even though he was aware that Trooper Skaggs was reaching into the car to apprehend him, and it also showed that petitioner tried to accelerate and drive away even though he knew that Trooper Skaggs was hanging out of the car's window, or was at least in very close proximity to the car.  Petitioner's argument that the evidence was insufficient because he had made no threats against the trooper is not

compelling.

As discussed above, while the Missouri Court of Appeals did not address the portion of petitioner's claim that the trial court erred in denying his motion for judgment of acquittal on the charge of armed criminal action ("ACA"), that portion of petitioner's claim was properly preserved for federal review, inasmuch as petitioner fairly presented it to the Missouri Court of Appeals on direct review. This situation raises the issue of whether, in considering petitioner's claim, this Court should use AEDPA's deferential standard of review, or a de novo standard, inasmuch as petitioner's claim, while properly before this Court, was not adjudicated on its merits in state court. The undersigned finds that, because the state court did not adjudicate petitioner's claim related to whether the trial court properly denied his motion for judgment of acquittal on the ACA charge, the deferential standard of review under 28 U.S.C. 2254(d) does not apply to that particular issue, and this Court should apply a de novo standard of review.

If a federal habeas court reaches a federal constitutional claim which was not adjudicated on the merits by the state courts, the deferential standards of 28 U.S.C. § 2254 are inapplicable, and the federal habeas court should conduct a de novo review of the claim. Pfau v. Ault, 409 F.3d 933, 938-39 (8th Cir. 2005); see also Taylor v. Bowersox, 329 F.3d 963, 967-68 (8th Cir. 2003) (citing Kenley v. Bowersox, 275 F.3d 709, 711 (8th Cir. 2002)

("we apply a deferential standard of review to state court resolutions of law and fact only if the state court adjudicated the prisoner's claim on its merits")).

The Eighth Circuit has provided the following guidance in considering whether a claim has been "adjudicated on the merits":

> [A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.... So the first question for us to consider is: what constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment - - an adjudication - - on a substantive issue - - the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear - - no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised.... We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court.

Brown v. Luebbers, 371 F.3d 458, 460-61 (8th Cir. 2004).

In the case at bar, while the Missouri Court of Appeals noted that petitioner was challenging the trial court's decision to deny his motion for judgment of acquittal on the charges of assault of a law enforcement officer and armed criminal action, the court only addressed and adjudicated petitioner's claim as it related to the assault charge. Because the court wholly failed to mention the

armed criminal action charge (other than to acknowledge the fact that petitioner had raised a claim regarding it) and failed to note in its decision whether the trial court erred in denying petitioner's motion for acquittal on the ACA charge, the undersigned cannot confidently say that the state court "considered and rejected" that claim. While the ACA charge involved the same conduct as the assault charge, the ACA charge was a separate charge, brought under a separate statute, and carrying its own penalty, for which petitioner is currently serving a separate and consecutive prison term. Furthermore, respondent does not contend that the Missouri state court's adjudication of petitioner's claim as it related to the assault charge amounted to an adjudication of the claim related to the ACA charge. See Missouri v. Hunter, 459 U.S. 359, 368-69 (1983) (When a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether they forbid the same conduct, the state may seek and the court may impose cumulative punishment).

The undersigned finds it appropriate to apply a de novo standard of review as to that particular claim. This is especially so in light of the fact that petitioner's claim fails regardless of the standard of review. See Pfau, 409 F.3d at 939 (when a Sixth Amendment ineffective assistance claim is "doomed to failure" regardless of whether the court applies a de novo standard or follows AEDPA's mandate, a court may choose "to avoid entanglement" and apply a de novo standard of review).

In Missouri, armed criminal action is defined as the commission of "any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." Kennell v. State, 209 S.W.3d 504, 507 (Mo.Ct.App. 2006) (citing Mo.Rev.Stat. § 571.015.1). There are, therefore, two discernible elements of the crime of ACA: (1) the commission of a felony; (2) by, with, or through the use, assistance or aid of a dangerous instrument or deadly weapon. See Id.

Having reviewed the record and applied a de novo standard of review, the undersigned determines that the evidence adduced at trial was sufficient to support petitioner's conviction on the charge of armed criminal action. As discussed above, the first element of that charge requires the commission of a felony; in this case, assault of a law enforcement officer. Even applying the standard of de novo review, the undersigned determines that the evidence adduced at trial was sufficient to support petitioner's conviction on that charge. The evidence adduced at trial showed that petitioner slammed the car door even though he knew that Trooper Skaggs was reaching into the car to apprehend him, and it also showed that petitioner tried to accelerate and drive away even though he knew that Trooper Skaggs was hanging out of the car's window. The evidence adduced at trial was therefore sufficient to satisfy the first element of the crime of ACA: the commission of a felony.

The second element requires that the felony be committed

"by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon." Mo.Rev.Stat. § 571.015. In Missouri, a "dangerous instrument" is "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." Mo.Rev.Stat. § 556.061.9. The Missouri Supreme Court has held that the definition of dangerous instrument requires only that the defendant knows he is using the instrument under circumstances that are "readily capable of causing death or serious physical injury," and does not require that the defendant have the subjective intent to use the object with an intent to cause death or serious physical injury. State v. Williams, 126 S.W.3d 377, 384 (Mo. banc 2004) (citing Mo.Rev.Stat. § 556.061.9). The evidence adduced at trial was sufficient to show that petitioner knew he was using the car under circumstances that were readily capable of causing death or serious physical injury. As discussed above, petitioner slammed the car door even though he knew the trooper was reaching into the car to apprehend him, and that petitioner attempted to very quickly accelerate and drive away even though he knew that Trooper Skaggs was maintaining physical contact with the car, or was at least very close to the car. Petitioner's argument that he did not threaten the trooper or drive toward him are not compelling.

Having reviewed both portions of petitioner's claim in Ground 2, the undersigned concludes that the trial court could have found, beyond a reasonable doubt, the essential elements of both

assault of a law enforcement officer, and armed criminal action.
See Jackson, 443 U.S. at 319.  Petitioner's claims in Ground 2 of
his Petition should therefore be denied.

>    **C.    Grounds 3(e) and 4(a) - Ineffective Assistance of Counsel**

In Ground 3(e), petitioner claims that his attorney was
ineffective because he "failed to file a motion for a new trial
after requesting additional time to do so, and being granted leave
of the court to file said motion."  (Docket No. 1 at 18).   In
Ground 4(a), petitioner claims that his attorney was ineffective
for failing "to file motion for a new trial notwithstanding his
request for additional time to do so," (Id. at 10), and that
counsel failed to file a motion for new trial on "any issues."
(Id. at 25).  Because these two claims raise the same issues, the
undersigned will consider them together.

Petitioner fairly presented the claims he asserts in
Grounds 3(e) and 4(a) to the Missouri state courts.  Upon review,
the Missouri Court of Appeals applied the standard set forth in
Strickland v. Washington and applicable state law, and denied
petitioner relief.   Having reviewed the claims in light of the
record, the undersigned has determined that they are meritless.

At the time petitioner's conviction became final, it was
clearly established that the Sixth Amendment to the United States
Constitution guarantees a criminal defendant the right to effective
assistance of counsel.  U.S. Const. amend. VI; Strickland, 466
U.S. 668.   There are two components to a successful claim of

ineffective assistance of counsel. First, the Petitioner must show that counsel's performance was deficient, which requires a showing that counsel erred so seriously that she or he was not functioning as "counsel" guaranteed by the Sixth Amendment. <u>Id.</u> at 686. Second, the petitioner must show that such deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious that petitioner did not receive a fair trial, rendering the resulting conviction unreliable. <u>Id.</u> To establish prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. The petitioner bears a heavy burden in overcoming a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689.

On appeal, the Missouri Court of Appeals, applying the foregoing <u>Strickland</u> standard and applicable state law, denied petitioner's claim for relief. Specifically, the court held as follows:

> In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), which requires "proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a

result." *Anderson v. State*, 66 S.W.3d at 775. "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other and his claim of ineffective assistance of counsel must fail." *Id.*

To satisfy the performance prong of the *Strickland* test, the movant must identify specific acts or omissions of counsel that resulted from unreasonable professional judgment, which the motion court must find are outside the range of competent assistance. *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App. 2004). In identifying such acts or omissions of counsel, the movant "'must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment.'" *Anderson v. State*, 66 S.W.3d at 775 ( quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)). The Supreme Court in *Strickland* refused to define "sound trial strategy" since "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. A reviewing court, therefore, "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690, 104 S.Ct. 2052. Because of the inherent difficulty of this review, the movant has a heavy burden to overcome the presumption that counsel was competent. *Id.* at 689, 104 S.Ct. 2052.

To satisfy the prejudice prong of the *Strickland* test, the movant "'must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson v. State*, 66 S.W.3d at 775 ( quoting *State v. Simmons*, 955 S.W.2d at 746). Under this prong, simply showing that the alleged error had a conceivable effect on the trial outcome is not sufficient; instead, the appellant must show that, absent the error, there is a reasonable probability that he would have been found not guilty. *Id.* The prejudice prong may be reviewed first, and if it is easier to dispose of the issue on such grounds, the appellate court may do so. *State v. Buckner*, 929 S.W.2d 795, 801 (Mo.App. 1996).

## A. Failure to File a Motion for New Trial On Any Issues

The appellant first claims that the motion court erred in denying his claim of ineffective assistance of counsel for trial counsel's failure to file a motion for new trial "on any issues." In that regard, it is well settled that we will not convict trial counsel of being deficient for failing to do a futile act. *Edgar v. State*, 145 S.W.3d 458, 461 (Mo.App. 2004). Hence, for the appellant to satisfy the performance prong of the Strickland test, as to a claim of ineffective assistance of trial counsel for failure to make a motion, he had the burden at the motion hearing to show, inter alia, that had his trial counsel made the motion in question, it would have been granted. *State v. Thurman*, 887 S.W.2d 403, 410 (Mo.App. 1994). Accordingly, where, as here, the appellant only claims generally that a motion for a new trial should have been filed, without specifying the underlying trial errors on which the motion should have been made, there is no way of ascertaining whether the motion, if made, would have been granted, such that the appellant failed to allege deficient performance of trial counsel requiring post-conviction relief.

Even assuming, arguendo, that the appellant could somehow satisfy the performance prong of the *Strickland* test for the failure of trial counsel to file a motion for a new trial, without specifying the underlying trial errors for the motion, his claim must still fail in that the prejudice he alleges would not satisfy the prejudice prong of the *Strickland* test. As to *Strickland* prejudice with respect to his claim that his trial counsel was deficient for failing to file a motion "on any issues," the appellant first claims that if trial counsel would have filed a motion for new trial, it "would have properly been granted." This, of course, relates to our discussion, supra, regarding the *Strickland* performance prong. As is the case with the performance prong, there is no way the appellant could ever show the prejudice he claims, for trial counsel's failure to file a motion for new trial, without stating the underlying trial error for the motion. *State v. Madison*, 997 S.W.2d 16, 22 (Mo. banc 1999).

(Resp. Exh. H at 7-10); <u>Bode v. State</u>, 203 S.W.3d at 267-69.

In denying petitioner relief, the Missouri Court of

Appeals correctly applied the test articulated by the Supreme Court in Strickland, and petitioner has not shown that the court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. In support of his claims in Ground 4(a) and 3(e), petitioner claims only that counsel failed to file a motion for new trial, despite asking for additional time to do so, on "any issues." Petitioner does not claim that he instructed his attorney to file a motion for new trial; only that counsel failed to do so. Counsel's performance cannot be deemed deficient for failing to file a motion for new trial if petitioner does not demonstrate, at the very least, that he specifically instructed counsel to do so. See Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) (citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992) (an attorney's performance cannot be deemed deficient for failing to file a notice of appeal absent evidence that the defendant instructed counsel was instructed to do so)).

Even if petitioner could demonstrate that counsel's performance was deficient, he would be unable to demonstrate prejudice. Petitioner alleges that counsel failed to file a motion for new trial on "any issues," and does not specify what issues counsel should have raised.[9] As the Missouri Court of Appeals noted, in order to establish the prejudice contemplated by

---

[9]As discussed in detail above, petitioner's claim that counsel was ineffective for failing to file a motion for new trial on the issue of whether the trial court properly ascertained his waiver of jury trial is procedurally barred from review.

Strickland, petitioner must demonstrate that, but for counsel's unprofessional errors, the result of his trial would have been different. Strickland, 466 U.S. at 694. Because petitioner does not specify what issues counsel should have raised, it is impossible to determine whether the motion would have been granted had it been filed, and petitioner would therefore be unable to establish prejudice under Strickland.

In support of Ground 4(a), petitioner argues that counsel's failure to file a motion for new trial caused his claims to be subjected to "the stricture of plain error review rather than review of a preserved record." This attempt to establish prejudice fails. As the Missouri Court of Appeals held, citing Missouri Supreme Court Rule 29.11(e), counsel is not required to file a motion for a new trial at the conclusion of a bench trial in order to preserve errors for review. (Resp. Exh. H at 10); Bode v. State, 203 S.W.3d at 269. Counsel's failure to file a motion for new trial had nothing to do with the review conducted by the Missouri Court of Appeals on direct review, and petitioner therefore cannot establish prejudice in this manner. Because petitioner can demonstrate neither deficient performance nor prejudice, the claims he raises in Grounds 3(e) and 4(a) of his Petition should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Larry Denny be substituted

for Mike Kemna as the proper party respondent in this case.

**IT IS FURTHER RECOMMENDED** that Missouri Attorney General Chris Koster be added as a party respondent in this case.

**IT IS FURTHER RECOMMENDED** that petitioner Eric Bode's petition for writ of habeas corpus (Docket No. 1/filed September 21, 2007) be dismissed without further proceedings.

The parties are advised that they have until September 3, 2010, to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 257 (8th Cir. 1990).

_Frederick R. Buckles_

Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE


Dated this 20th day of August, 2010.