UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BODE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV1658 RWS |
| | ) | |
| LARRY DENNEY[1], | ) | |
| | ) | |
| Respondents. | ) | |

# **MEMORANDUM OPINION**

Petitioner Eric Bode seeks a writ of habeas corpus. He alleges multiple grounds for habeas relief. I referred this matter to United States Magistrate Judge Frederick R. Buckles for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 20, 2010, Judge Buckles filed his recommendation that Bode's habeas petition should be denied. Bode timely filed objections to the report and recommendation.

Bode was convicted of assault of a law enforcement officer, armed criminal action, possession of drug paraphernalia, and resisting arrest. He received sentences for the crimes of 30 years, 15 years, 1 year, and 1 year respectively. The sentences were imposed to run concurrently.

Judge Buckles determined that a majority of the claims Bode asserts in his habeas petition are procedurally barred from review. He reports that only four claims are entitled to habeas review. They are that: (1) the trial court erred when it proceeded to trial without a jury by failing to first ascertain whether Bode's waiver of a jury trial was knowing and voluntarily made; (2) the trial court erred by denying Bode's motion for a judgment of acquittal on the charges of assault of a law enforcement officer and armed criminal action; (3) and (4) trial counsel was ineffective

---

[1] The Clerk of Court shall remove Missouri Attorney General Chris Koster as a respondent in this matter because Petitioner is not challenging a sentence he will be serving in the future.

for failing to file a motion for a new trial.

Bode has filed objections to Judge Buckles' report and recommendation asserting several errors. I have conducted a de novo review of the record, legal argument, and case law concerning Bode's objections and my analysis follows.

First, Bode makes a blanket objection to the denial of his pretrial motions. This objection does not present a factual or legal basis for any relief and is, therefore, without merit.

Bode then asserts that the report and recommendation misstates that his sentences are to be served consecutively. He is correct, his sentences are to be served concurrently. (Resp.'s Ex. C at 15-18) Bode also asserts that the report and recommendation mistakenly referred to a Rule 24.035 motion on page 4 because he proceeded under Missouri Supreme Court Rule 29.15 in his post-conviction proceeding. The report and recommendation is not incorrect. It simply accurately refers to the tile of the document filed by Bode's post-conviction counsel.

Bode next objects to the report and recommendation regarding his conviction for assault of a law enforcement officer. He initially asserts that Judge Buckles' analysis of this claim mistakenly relied on a verbatim quotation from the Missouri court of appeals decision of Bode's direct appeal.[2] Bode argues that the court of appeal's discussion of facts in its decision of Bode's direct appeal is different than the State's statement of facts submitted on direct appeal. Bode claims that the court of appeals' assertion that Bode "slammed" the car door on the officer's hand and that Bode "slammed on the gas" in order to get away while the officer was trying to apprehend Bode[3] was not supported by the State's statement of facts. However, I have

---

[2] Bode mistakenly asserts that the statement of facts in the report and recommendation is taken from the direct appeal opinion. It was not. It was taken from the post-conviction appeal opinion in <u>State of Missouri v. Bode</u>, 203 S.W.3d 262, 265 (Mo. Ct. App. 2006).

[3] <u>State of Missouri v. Bode</u>, 125 S.W.3d 924, 929 (Mo. Ct. App. 2004).

read the trial transcript and find that the testimony of witnesses supports the language used by the court of appeals in its analysis of the facts of the case. (See Resp.'s Ex. I at 30 (hand slammed), 31 (tire spinning out - over accelerating), 63 (slam the car door shut), 68-71 (discussion of acceleration marks), 82 (slammed hand in door), 92 (accelerator pressed to wide open throttle), 201 (gunned the car), 219 (slammed the door)) The court of appeals was not limited in its decision to what the State submitted as the factual background in its appellate brief. The court of appeals had a copy of the trial transcript as part of the record of the case and was free to use its own language (which was supported by the transcript) in writing its opinion.

Finally, Bode objects to the sufficiency of the evidence to support his conviction for assault on a law enforcement officer. He asserts that the Missouri court of appeals' decision that the evidence was sufficient was impermissibly based on the court's assertion that Bode "slammed" the car door on the officer's hand and that Bode "slammed on the gas" in order to get away while the officer was trying to apprehend Bode because this characterization was not supported by the State's statement of facts. As discussed above, the court of appeals' characterization of the facts is amply supported by the record.

As stated in the report and recommendation, the state court's finding of sufficiency of the evidence is entitled to deference upon federal habeas review. In my review of the record I find that the court of appeals' decision that there was sufficient evidence for conviction was properly supported by the facts and the law. As, a result, Bode has not established that he is entitled to relief under either 28 U.S.C. § 1154(d)(1) or § 2251(d)(2).

After careful consideration of the record and of Bode's objections, I will adopt and sustain the thorough reasoning of Judge Buckles' report and recommendation (with the exception of the misstated fact that Bode's sentences were to run consecutively) and will deny Bode's habeas petition. I find that Judge Buckles correctly analyzed the issues raised in Bode's petition

and reached the proper conclusion that habeas relief is not warranted.

In addition, I have considered whether to issue a certificate of appealability. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Bode has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Buckles' report and recommendation filed on August, 2010 is adopted and sustained in its entirety (with the minor exception noted above).

**IT IS FURTHER ORDERED** that Petitioner Eric Bode's's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2010.